# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Nicole M. May, Beneficiary, Co-Beneficiaries, Tami M. May, Dennis M. May, Next friend for Nicole M. May is Tami M. May<br><br>    Plaintiffs,<br><br>  v.<br><br>The United States, "The Trustee", Lynn M. Thieman, "Co-Trustee" and Lawful Revenue Agent,<br><br>    Defendants. | Civil No. 12-1659 (JNE/AJB)<br><br>**REPORT AND RECOMMENDATION ON MOTION TO DISMISS** |

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on a motion to dismiss by the United States (Docket No. 3) and Plaintiffs' "Petition to Strike" (Docket No. 11), "Petition for Permanent Protection Order for Sealing Record of case" (Docket No. 12), "'Special Motion' to Amend 'Bill in Equity' under a 'Special Term' for 'Special Proceeding'" (Docket No. 20), "'Special Motion' to 'Remand 'Bill in Equity' back to state under a 'Special Term' for Special Proceeding" (Docket No. 21), and "'Special Motion' to 'Order & Hold' a 'Special Term' for 'Special Proceeding'" (Docket No. 22). The matter has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). A hearing was held on the motion to dismiss on September 21, 2012 at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. Harris J. Phillips appeared by telephone on behalf of The United States. Plaintiffs, who are representing themselves pro se, made no appearance. For the reasons discussed below, the Court recommends that the United States' Motion to Dismiss be granted and that Plaintiffs' motions be denied.

1

## BACKGROUND

On June 7, 2012 Plaintiffs filed a complaint entitled "**In 'SPECIAL TERM *of SPECIAL PROCEEDINGS* for *SPECIAL MATTER*':** ORIGINAL BILL IN EQUITY FOR ESTABLISHMENT AND ENFORCEMENT OF BREACH OF TRUST, EQUITABLE DISCOVERY, EQUITABLE ACCOUNT **MANDATORY INJUNCTION**" against Lynn Thieman, a revenue officer for the Internal Revenue Service, and the United States in the District Court for the Tenth Judicial District in Anoka County, Minnesota. (Docket No. 1.) Thieman has been assigned to collect the unpaid federal income tax liabilities of Plaintiff Nicole M. May. (Docket No. 6, Declaration of IRS Revenue Officer Lynn M. Thieman.) Thieman has taken several steps to collect Ms. May's unpaid taxes, including issuing demands for payment, filing Notice of Federal Tax Lien, and serving wage levies, all in the course of her official duties as an IRS Revenue Officer. (*Id.*)

Plaintiffs allege in the complaint that they "produced **private** special trust arrangement," "delivered trust arrangement. . . [by mail to] Lynn M. Thieman Office of the Internal Revenue in St. Paul, MN" on March 20, 2012, and "established private trust by way of intent, purpose, parties and delivery" with Thieman and/or the IRS. (Compl. at pp. 5-6.) Plaintiffs appear to allege that Thieman is a "Co-trustee" of this "special trust arrangement" of which Plaintiffs are the "Beneficiaries." (*Id.* at 7.) Plaintiffs further allege: "That, trust relation is conclusively established as Respondent holds trust documents, which results in extraordinary duties and obligations owed to Beneficiaries, to wit, the specific performance of all instructions and orders found in private special trust arrangement. Respondent repudiates trust; fails to disclaim as true and lawful agent of U.S., Trustee; refuses specific performance; and, holds trust res in rejection of order for its return." (*Id.* at 8.)

Plaintiffs request relief in the form of a "Mandatory Injunction to compel Respondent/Co-Trustee to perform specific duty as instructed and ordered by the completely constituted private special trust arrangement" and "refrain Co-Trustee by and through her private employer further trespasses and injuries. . . ." (*Id.* at 11.) Plaintiffs request "that a Perpetual Injunction be put in place upon the Internal Revenue Service and its agents upon final adjudication," and that "any and all *notices* of liens, levies, and any right to take that the Respondent thinks she has be **ledgered** as extinguished on records of Beneficiaries' of said trust." (*Id.* at 13-14.) As best the Court can ascertain, Plaintiffs allege that the IRS and Thieman breached a purported trust agreement by attempting to collect unpaid taxes from Ms. May and seek an injunction barring the United States from future attempts to collect any taxes from her.

The United States removed the action to federal court on July 10, 2012 and filed a motion to dismiss on July 13, 2012. (Docket Nos. 1, 3.) The United States argues that this court does not have subject matter jurisdiction over the issues at hand because of the implications of the Anti-Injunction Act and the doctrine of sovereign immunity and that the complaint fails to state a claim upon which relief can be granted. The United States also argues that dismissal of Thieman as a defendant is appropriate because lawsuits against an officer of the United States in his or her official capacity are considered actions against the Unites States.

On August 15, 2012, Plaintiffs filed a "Petition to Strike" in which they request that all motions filed by the attorney for the United States, Mr. Harris Phillips, be stricken because Mr. Phillips is not an "interested party." (Docket No. 11.) Plaintiffs also filed a motion labeled "Petition for Permanent Protection Order for Sealing Record of case" wherein they request that the case be sealed to protect the interests of the parties. (Docket No. 12.) On September 7, 2012, Plaintiffs filed a document labeled "OBJECTION/Affidavit" wherein they object to Defendants'

motion to dismiss and removal to federal court. (Docket No. 19.) On the same day, Plaintiffs filed a motion labeled "'Special Motion' to Amend 'Bill in Equity' under a 'Special Term' for 'Special Proceeding.'" (Docket No. 20.) Plaintiffs also filed a motion labeled "'Special Motion' to 'Remand 'Bill in Equity' back to state under a 'Special Term' for Special Proceeding" wherein they request the case be remanded to state court. (Docket No. 21.) Finally, Plaintiffs filed a motion labeled "'Special Motion' to 'Order & Hold' a 'Special Term' for 'Special Proceeding'" in which they "move the court to correct the nature and character of the original filing which was a purely equitable cause of action and to withdraw it from a general at law term." (Docket No. 22.)

## DISCUSSION

### I. PLAINTIFFS' MOTION TO REMAND

The Court first addresses Plaintiffs' motion to remand the case back to state court. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." A party opposing removal may bring a motion requesting that the federal court remand the case back to state court. 28 U.S.C. § 1447(c).

The United States may remove to district court any State court action in which the United States or a federal officer is named as a Defendant. 28 U.S.C. §1442(a)(1). Plaintiffs have named as Defendant both the United States and an employee of the Internal Revenue Service. Accordingly, the United States' removal of this case from state to federal court was proper. Plaintiffs' motion to remand is therefore denied.

## II. DEFENDANTS' MOTION TO DISMISS

### A. Plaintiffs Improperly Named Thieman as a Defendant.

Lynn Thieman is appropriately dismissed as defendant because Plaintiffs do not seek relief against her in her individual capacity. "In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." *Philippi v. Brellenthin*, Civil No. 11-2389 (JRT/LIB), 2012 WL 947016, at *2 (D. Minn. Jan. 26, 2012) (quoting *Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003)); *see also Gilbert v. DaGrossa*, 756 F. 2d 1455, 1458-69 (9th Cir. 1985) ("A suit against IRS employees in their official capacity is essentially a suit against the United States.").

Plaintiffs appear to complain about Thieman's efforts to collect Ms. May's unpaid federal tax liabilities. However, these efforts were taken in the course of her official duties as an IRS Revenue Officer. *See Balser*, 327 F.3d at 907. Additionally, Plaintiffs seek injunctive relief against the government resulting from IRS tax collection activities. A suit is deemed to be against the sovereign where the effect of the judgment sought would be to restrain the government from acting, or compel it to act. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963). If an order of injunction were entered, the United States would be compelled to act, not Thieman in an individual capacity. Because the requested relief operates against the United States, this action must be deemed as one against the sovereign.

When a federal employee has been impermissibly named as defendant, the Court must substitute the United States as the proper-named defendant and dismiss the erroneously named employee. *See Scott v. United States*, 449 F.2d 1291, 1292 (8th Cir. 1971). Because Thieman was named in her capacity as a federal employee, and because the relief sought operates against

the United States, the Court hereby dismisses the claims against Thieman, with prejudice, and substitutes the United States as the sole Defendant.

**B.      The Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Claims.**

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). *See Bueford v Resolution Trust Corp*, 991 F.2d 481, 485 (8th Cir. 2010). "The burden of proving federal jurisdiction. . .is on the party seeking to establish it." *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F. 3d 985, 988 (8th Circ. 2010). For the reasons stated below, Plaintiffs have failed to meet the burden of proving federal jurisdiction. This Court lacks jurisdiction over Plaintiffs' claims.

        1.      <u>The Anti-Injunction Act bars Plaintiffs' requests for injunctive relief.</u>

The Anti-Injunction Act provides that subject to certain exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." I.R.C. §7421(a). *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974); *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 405 (4th Cir. 2003) ("courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes."). Plaintiffs seek injunctive relief against the United States in the form of a "mandatory injunction." (Compl. at p. 4.) Plaintiffs appear to seek to restrain the United States from attempting to collect taxes from them in the future. (*Id.* at 14, 17.) This attempt to receive an injunction against the United States government is prohibited by the Anti-Injunction Act.

There is a narrow judicial exception to I.R.C. § 7421, in which the Anti-Injunction Act would not apply if (1) under no circumstances could the government ultimately prevail on the merits and (2) the taxpayer will suffer irreparable injury without injunctive relief. *See South*

*Carolina v. Regan*, 465 U.S. 367, 374 (1984). The Plaintiffs have the burden to show that their case falls within this judicially-created exception to the Anti-Injunction Act. *See Hughes v. IRS*, 953 F. 2d 531, 535 (9th Cir. 1992).

Plaintiffs have not alleged that the exception to the Anti-Injunction Act applies in this instance, much less proven that is the case. The exception is not applicable in this instance; Plaintiffs have specific remedies for alleged wrongful collection of taxes as well as a procedure for receiving refund remedies. *See* I.R.C. §§ 7433, 6532. Therefore, to the extent Plaintiffs are attempting to enjoin the United States from collecting their tax liabilities, the Court lacks subject matter jurisdiction over such claims and they should be dismissed. *See Judicial Watch, Inc.*, 317 F.3d at 405.

      2.    <u>Plaintiffs have failed to establish any waiver of sovereign immunity.</u>

"[T]he United States, as a sovereign, 'is immune from suit save as it consents to be. . .and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The Supreme Court has further stated that a waiver of the traditional sovereign immunity "cannot be implied but must be unequivocally expressed." *Testan*, 424 U.S. at 399 (quoting *United States v. King*, 395 U.S. 4, 89 S.Ct. 1501, 1503 (1969)). Where Congress has provided for a specific waiver of sovereign immunity, the "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957). In the case at hand, Plaintiffs have not made allegations that the United States has waived its sovereign immunity with respect to any of their claims, and the United States has not done so. Plaintiffs' complaint should therefore be dismissed for lack of subject-matter jurisdiction. *See, e.g., Hart v. United*

*States*, 630 F.3d 1085, 1088 (8th Cir. 2011) (court lacks subject-matter jurisdiction when the United States has not waived sovereign immunity).

C. **Plaintiffs Have Failed to State a Claim Upon Which Relief Can Be Granted.**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must include enough facts to "nudge[ ] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To withstand dismissal, the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When reviewing a complaint on a motion to dismiss, the Court must accept all factual allegations as true and must construe those facts in the light most favorable to the nonmoving party. *Carton v. Gen. Motors Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010).

Pro se litigants are entitled to a liberal construction of their pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, "[t]his liberal treatment is not without limits. *See, e.g.*, *Kay v Bemis*, 500 F. 3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F. 3d 836, 840 (10th Cir. 2005)).

The Plaintiffs in this case have not met the pleadings requirements articulated in *Twombly* or *Iqbal*. Plaintiffs have not coherently identified the basis for their claims. The pleadings contain what the United States has characterized as "tax-defier rhetoric," essentially nonsensical argumentation about a "special trust arrangement" under which Ms. May should not be required to pay taxes. Even if the court did have subject-matter jurisdiction over the Plaintiffs'

8

claims, they should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## III. PLAINTIFFS' REMAINING MOTIONS

Because the Court has determined that it lacks subject matter jurisdiction over this action and that the complaint should be dismissed, the Court recommends that Plaintiffs' remaining motions (Docket Nos. 11, 12, 20, and 22) be denied as moot.

## **RECOMMENDATION**

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' "'Special Motion' to 'Remand 'Bill in Equity' back to state under a 'Special Term' for Special Proceeding" (Docket No. 21) be **DENIED**.

2. The United States' Motion to Dismiss (Docket No. 3) be **GRANTED** and that the complaint be dismissed with prejudice.

3. Plaintiffs' remaining motions listed below be **DENIED** as moot.

    a. "Petition to Strike" (Docket No. 11);

    b. "Petition for Permanent Protection Order for Sealing Record of case" (Docket No. 12);

    c. "'Special Motion' to Amend 'Bill in Equity' under a 'Special Term' for 'Special Proceeding'" (Docket No. 20); and

    d. "'Special Motion' to 'Order & Hold' a 'Special Term' for 'Special Proceeding'" (Docket No. 22).

Dated:  October 15, 2012   s/ Arthur J. Boylan
Chief Magistrate Judge Arthur J. Boylan
United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before  October 29 , 2012.